IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| PERRY SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>DR. YOUNG; MS. POWELL, Medical Director; TAYLOR, Physician's Assistant; CAIN, Physician's Assistant; MS. SHELTON, Deputy Warden of Care and Treatment; and WARDEN PHILBIN,<br><br>    Defendants. | CV 118-187 |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 10.) The Magistrate Judge recommended dismissing the case without prejudice as a sanction for Plaintiff providing dishonest information about his filing history. (See doc. no. 8.) Plaintiff does not deny he filed the undisclosed case identified by the Magistrate Judge but claims he suffers from memory lapses because of a brain aneurysm and his mental health. (Doc. no. 10.)

The plain language of the complaint form explains a prisoner plaintiff must disclose his prior filing history. (Doc. no. 1, pp. 1-3.) As the Magistrate Judge explained, Plaintiff

misstated his prior history by failing to disclose at least one federal case initiated by Plaintiff. (Doc. no. 8, p. 3.)

An incomplete description of litigation history blamed on an allegedly vague memory is not an acceptable reason to excuse dishonesty:

> The plain language of the standard complaint form is clear – asking whether Plaintiff "ever filed any lawsuit while incarcerated or detained." (citation omitted) Thus, regardless of the outcome of Plaintiff's prior lawsuits, his initiation of those lawsuits is the precise type of activity for which this prompt requires disclosure. Plaintiff failed to fully disclose the information requested about his prior lawsuits and appeals. This constitutes a lack of candor that will not be tolerated in this Court. Plaintiff attempts to explain away his lack of candor by stating that he does not have full records regarding his past cases. (citation omitted) However, Plaintiff did not make any real effort to describe his cases . . . .

Ballou v. Meadows Reg'l Med. Ctr., 6:17-CV-121, doc. no. 13, p. 9 (S.D. Ga. Oct. 10, 2017), *adopted by* doc. no. 16 (S.D. Ga. Jan. 23, 2018).

Similarly, Plaintiff argues he should be excused from providing honest responses even though he made no real effort to describe his prior cases in his complaint, as he merely marked "no" or "N/A" through the sections requiring him to disclose his earlier cases. (Doc. no. 1, pp. 1-3.) However, it is incumbent on Plaintiff, who signed his complaint under penalty of perjury, to provide accurate information about his prior filing history. As the case law cited in the Report and Recommendation makes clear, failing to disclose prior filing history will not be tolerated, and the Eleventh Circuit has repeatedly approved of dismissing a case without prejudice as a sanction. (See doc. no. 8, pp. 3-4.)

Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** this case without

2

prejudice as a sanction for Plaintiff's abuse of the judicial process, and **CLOSES** this civil action.

SO ORDERED this 10th day of January, 2019, at Augusta, Georgia.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA